Thank you, Your Honor. My name is David Ness with the Federal Defenders of Montana, and I represent Mr. Santiago Valdez. At the outset, I guess just an observation, I'm feeling a little bit uncomfortable because Mr. Valdez, I think as the Court is aware, filed hundreds of motions consisting of literally thousands of pages in the district court. And the two issues that I want to talk about weren't raised by either Mr. Valdez. The first one was raised by me belatedly. The second one wasn't raised until I filed the 28-J letter last Friday. The counsel, I'd be very interested in your perspective on the recent Valverde case. I had been on vacation when I learned about the Valverde case. When I got back, I think on the 5th and the 6th, government counsel actually pointed it out to me. And I've had a chance to read through it. I've had a chance to understand it. And I think that if the Court would allow that issue to be raised, I think it's dispositive of Mr. Valdez's case. In effect, it's jurisdictional, isn't it? It is jurisdictional, I think. Which can be raised at any time. Even if we don't consider it jurisdictional, it probably meets the standard for plain error, miscarriage of justice, all of that. All of those things. And I researched some cases, and I hadn't provided these to the government, and I didn't include them in the 28-J letter. But there is a case, for example, from this Court, United States v. Kimball. That was where the Court essentially said that the defendants' liability turned on the resolution of the issue. And they allowed it to be raised on appeal. And so I think that Kimball is fairly relevant as well. Do you agree that if Val Verde stands, that the only issue, in effect, that we need to address is the cost issue? Yes, I believe so. Yes, sir. And the cost issue is something I think Mr. Valdez, he submitted the bill of cost to the District Court. As far as I can tell, the District Court never did rule on that. He had an attorney before me on appeal, and I think that that was the main reason for their falling out, because the attorney didn't really think it was an appropriate issue for appeal. I raised it. Well, it seems, you know, I request both counsel to comment on this. It seems that with respect to the cost question, we would not be the ones in the first instance to look at whether costs are or are not justified. But it would seem to me that where an issue was raised at the District Court and was never ruled upon, that we have to send it back for it to be ruled upon. I mean, who knows what the court may say, cost, no cost, half cost. We don't know. So would that be the appropriate resolution of that issue, that it would just have to go back? Yes. No ruling from us particularly? I agree with that, yes. Okay. Well, do you want to save the remainder of your time and solicit a court opinion? I just have one very, very good question. The recent case, and I'm going to get the exact date here, that case was decided, this is talking about Val Verde, was decided December 27, 2010. So, of course, there's been no opportunity for a petition for rehearing en banc to be filed either by the parties or by sua sponte, by a member of our court. Is it the defense counsel's perspective that the best thing to do here would be to either, well, I guess in this case, not submit this case pending the resolution of any en banc activity, if any? I don't know whether there will be. But if there were en banc activity and if this were reversed, it would really put us in a pickle if we ruled in advance, would it not? I understand the court's position on that. Of course, Mr. Valdez's petition is, is he sitting in prison? I understand that. So I completely, well, I completely understand the dilemma. That's why I'm asking from your perspective, you know, let's just say hypothetically that Judge Reinhart's opinion were overruled by our en banc court. It's happened before, not this particular decision. But were that to happen and we had ruled on this case otherwise, would that not complicate things considerably? It might. I guess one saving grace from the court's perspective and the government's perspective, however, this is my understanding that Mr. Valdez is looking at some state time as well. So I think perhaps one way it could be handled, I suppose, is a release under the Bail Reform Act or something. Is it concurrent to his current sentence? Is the state time and the federal time being run concurrently? That's really unclear to me, Judge, because what I've learned about his state time comes from Mr. Valdez. I believe it might be, yes. He indicated in some correspondence, and he has a separate habeas petition going, where it seems to indicate that he got credit for federal time on the state time. So if, to follow the train of thought that Judge Smith is pursuing, if we were to defer ruling in this case until the issuance of the mandate in Val Verde, which could be 30 days or it could be a year from now depending on what happens, he would be getting state credit for his federal time. So is that right? If I am correct, and I don't feel real confident about that, that is something I can check into. He went back to Indiana, and I believe that there was, in the record, there's discussion that he was arrested on a robbery warrant originally before charged federally with this. And then there's also the issue of absconding. So I know that he was in Indiana for a time, and I know that that was resolved in some fashion, and I'm thinking it was concurrent, but I'm not completely sure about that. Okay. I'm happy to check into that. Counsel, let me ask you a question, though, following up on the questions that have already been asked. If, in fact, we were to, prior to en banc hearing or a final mandate being issued, if we were to find that Val Verde controls and that we should dismiss or grant the defendant's appeal in this case or dismiss it for lack of jurisdiction, and then it turned out that in en banc or in some other fashion the Val Verde decision did not stand, wouldn't we, in essence, then be granting Mr. Valdez's appeal when, in fact, we might not otherwise be granting his appeal? In other words, we'd be saying, okay, because of Val Verde we're dismissing your petition, so you're free to go. And then he goes over to state, apparently. Right. But he also has some other issues that are pending on our appeal, right, which we have not yet decided. Well, I think assuming that the court decides this issue in his favor under Val Verde, the only other issue then is the cost. Everything else would be moot because he'd have no conviction and therefore no ability to challenge the constitutionality on all these various grounds, most of which have been decided in other cases anyway. Right. But if then Val Verde did not stand, say, on en banc, they reversed Val Verde, then we would have, in essence, granted or affirmed, I'm sorry, we would have reversed his conviction without ever considering the other issues that are raised in the appeal, right? Yes, that is correct, yes. I think as constitutional issues, at least insofar as this court is concerned or decided, at least most of them, the only other issue would be the issue having to do with the validity of his 1993 rape conviction. But I see what you're getting at, yes. It would leave those other issues. Sort of caught between a rock and a hard spot, I guess, in this case, aren't we? Yes. Okay. Thanks. Thank you. Good morning. May it please the court and counsel, my name is Marcia Hurd, and I'm an AUSA in the Billings Division in the District of Montana. And you got out before the snowstorm, I guess, so. I did. It's still ten below, though, where I live, so. Hey, well, welcome to the Northwest. Nice, warm Seattle. Yes. It's kind of unusual because I was mentioning to David as we were listening to the other oral argument that I'm kind of glad I'm not doing administrative law, kind of pickeroony little cases. And then he said, but look at what we have here, which is so accurate. I've spent the last almost three-and-a-half years of my life dealing with Mr. Valdez. I have the Valdez filing cabinet that's become part of the Valdez room in my office. If we start with kind of the beginning problem or beginning issue, which is Valverde, which just came down. Now, the government's been granted an extension of time until into February to file their petition for rehearing or rehearing en banc. We don't have, obviously, a final decision on whether that's going to occur, but it would greatly surprise me if the government didn't file such a petition. I actually have another case pending before this court, U.S. v. Dietrich, which we argued October 6th, I believe. And there's Clements also. There are a number of cases that are related. But Valverde, if it stands, moots out all the other issues that are of constitutional dimension. It does. I gather that you agree that the best course of action here is to defer submission until we know the outcome of Valverde. Absolutely. That would be the government's suggestion. And I don't know that I think we have a big concern about where he's currently residing. Mr. Valdez continues to file things in the district court, and one of those is a motion for release. I became a lawyer so I didn't have to do a lot of math, but my math shows that he should be released this month on his federal sentence, because he was sentenced to 41 months, and he got credit from when he was incarcerated, which was the end of July of 2007. So if I'm doing my math correctly, I believe he's about to be released on his federal sentence and then serve his 20-year period of supervised release. It is hard to tell what's going on with his state case, because he had the robbery case that they took him on. So you're basically saying he's not going to suffer much because he will be released soon. Well, yes. I mean, I think that the court's, you know, really caught between a rock and a hard place here, because he has raised some other substantive issues, including the constitutionality of his underlying conviction, the George issues, which, in an interesting twist, the defense in the George case, which is the case that we all cite for ex post facto in Commerce Clause, has just moved to dismiss the George case because he traveled in September of 2007. So he has a Val Verde issue as well. So it's a very interesting kind of mix at the moment of how this all should go, but it seems to me that the best situation that can occur to address these issues, if there are issues, is to see what happens in the Val Verde case. I have a question sort of logistically about the issue of costs, which the district court, as far as I can tell, also did not rule upon one way or the other. Would it be appropriate to send the case back for a limited remand solely for the purpose of getting the district court to rule on that issue so that whenever we get this case back activated again, we'll have everything we need? Certainly that is one possibility. My understanding of the cost issue was that it was really raised after this case came up on appeal. Well, that explains why it wasn't ruled upon. Yes. But it is a district court issue as to whether those were appropriate defense costs to be reimbursed or not. So would that be something that you think would be appropriate for us to do? I certainly do. I think it would be appropriate for that limited purpose to get at least that issue out of the way because that doesn't turn on Val Verde or George. It doesn't turn on anything else. Exactly. And I know that that's been a big issue with regard to Mr. Valdez and his father's being out of pocket, mainly for photocopying costs and mailing costs for all the things that he, and he still continues to do that. We continue to get regular large mailings from him, and so I would assume there continue to be some costs that his father is incurring as well. Do you have any sense of the dollar volume in this in terms of the costs? Well, when I get motions from him, even recently, they're 150, 200 pages of photocopies. And he always FedExes everything, so it could be a fairly large amount, I mean several thousand dollars if not more. But he's also represented by counsel and has been almost the entire time on appeal by two different attorneys. And so at some point he was filing motions and this court said, do not file any more motions, but now he's just filing the district court. And so those costs continue. So I guess that would be my suggestion is to agree with the suggestion that we send it back and deal with the cost issue, but then basically do not submit and hold this case until we get a decision in Val Verde. And then I assume we'll be back here again because we may not even have Georgia's law then, depending on what happens. Unless there are any other questions? Okay. Thank you. Thank you. Nothing else to add? Thank you. This has been an unusual argument, but we appreciate that both of you are helping us try to solve how to deal with these recent changes. We will now take about a ten-minute recess while the other counsel for the final case are brought to us by telephone. Thank you. All rise.
judges: Benitez, Graber, Smith M.